## FISHER & COMPANY REAL ESTATE COMPANY v. STAED REALTY COMPANY, Appellant.

### Division One, February 12, 1901.

**Averments and Proof: VARIANCE: WAIVER.** Timely and appropriate objection must be distinctly made that there is a variance between the allegations and proof, and the objecting party must proceed in the manner provided by statute and file his affidavit of surprise, setting forth in what respect he has been misled, or his objection will not be considered on appeal, unless there is a total failure of evidence to support the cause of action stated.

Appeal from St. Louis City Circuit Court.—*Hon. P. R. Flitcraft*, Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

(1) The proof made does not support the allegations of the petition. (2) The first instruction given at the instance of plaintiff is not bottomed upon the allegations of the petition; and there are no allegations in the petition to warrant the giving of said instruction. (3) The overwhelming weight of the evidence established the fact that F. H. and C. B. Gerhart were the agents of defendant and not the agents of the plaintiff, and that they made the sale of the property to Drummond under a written contract with defendant to pay them $5,000 for their services as such agents for defendant. (4) There is no evidence that the contract alleged in the petition was performed by the plaintiff. (5) The proof made by plaintiff shows that the property was sold for about $336,500, and was not sold for $340,000.

*Lyon & Swarts* for respondent.

The instructions given for the respondent were correct, the appellant's instruction, in the nature of a demurrer to the evidence, was properly refused, and under the pleadings and the virtually undisputed evidence in the case, the verdict of the jury was manifestly for the right party, to-wit, the respondent. Gelatt v. Ridge, 117 Mo. 553; Tyler v. Parr, 52 Mo. 249; Nesbitt v. Helser, 49 Mo. 583; Grether v. McCormick, 79 Mo. App. 325; Stinde v. Blesch, 42 Mo. App. 581; Goffe v. Gibson, 18 Mo. App. 1; Mechem on Agency, sec. 966, pp. 794, 795.

MARSHALL, J.—The defendant owned the Laclede building, corner Fourth and Olive Streets, St. Louis. There were three mortgages on it for $100,000, $175,000 and $40,000, respectively. The first mortgage bore five per cent

interest and the other two six per cent interest.    About May or June, 1896, the defendant employed the plaintiff to sell the property, fixing the selling price at $375,000, and agreed to pay defendant, who was engaged in the real estate business, two and a half per cent commission on the sum realized from the sale, for its services.    The defendant endeavored to sell, sent out some two hundred circular letters to capitalists, and personally tried to effect a sale to various persons who were able to buy.    The money market was very tight at that time, and the property could not be sold at that price.    The defendant became very anxious about the matter, as the summer progressed, and from time to time reduced his selling price to $330,000 net, the purchaser to pay commissions.    In August or September the plaintiff arranged with F. H. & C. B. Gerhart, who were also real estate agents in St. Louis, to assist in selling the property, agreeing, if they found a purchaser, to allow them five thousand dollars out of the commission of two and a half per cent.    Plaintiff informed defendant of this arrangement, and introduced P. M. Stead, the president of defendant, to the Gerharts, who were not previously acquainted.    The terms of sale, the incumbrances and the above stated arrangement as to commissions, were fully discussed between the parties at that time, and were stated to be as hereinbefore set out.    At that time defendant reduced the selling price from $375,000 to $350,000.    Prior to the election in November, no sale was effected, although defendant reduced the selling price to $330,000 net, the purchaser to pay commissions.    Immediately after the election the defendant raised the selling price to $345,000.    The Gerharts succeeded in getting an offer for $335,000, the defendant to reduce the interest on the outstanding incumbrances to five per cent and to pay commissions.    The defendant said the election had changed the condition of the money market, and so refused to sell at that

price.   Finally, defendant fixed his selling price at $340,000, the arrangement as to interest and commissions to be as last stated.   So, on the twelfth day of November, 1896, the Gerharts took from defendant a three days' option on these terms. The option though taken in the name of the Gerharts was really for the true purchaser, James T. Drummond.   Within the three days Drummond paid five thousand dollars earnest money.   When it came to closing up the transaction, the defendant wanted the $340,000 net, and declined to pay any commission, but when the Gerharts would not go further with the matter or turn over the five thousand dollars earnest money, unless their promised commission of five thousand dollars was secured, the defendant entered into a written agreement to pay their said commissions.   The defendant refused to pay, and has never paid, plaintiff anything whatever.

The sale to Drummond was consummated for $340,000, Drummond assuming the deeds of trust as a part of the purchase price, and the defendant allowing him about $3,200, the difference between six and five per cent, the rate of interest on a part of the incumbrances.   The Gerharts were paid their commission of five thousand dollars; the defendant refused to pay the plaintiff anything.   The plaintiff then sued for $3,500, the balance of the two and a half per cent commission on $340,000, aggregating $8,500, less the five thousand dollars paid the Gerharts.   The petition is upon the express contract. The answer is a general denial.

There is no substantial conflict in the evidence.   The defendant admits the original contract with defendant; admits he was introduced to the Gerharts by the plaintiff, and that he never knew Drummond; admits that the Gerharts transacted all the negotiations with Drummond; but says that his contract with the Gerharts when the sale was about to be consummated, was all the commission he agreed to pay after he fixed

the selling price at $340,000. In this, however, he is contradicted by both the Gerharts and by the president of the plaintiff, who acted for the company throughout the transaction.

The instructions given for the plaintiff properly limited the plaintiff's right to recover to the contract pleaded. The instructions given for the defendant were that plaintiff must recover, if at all, upon the contract, and if the property was sold for less than $340,000 the plaintiff could not recover at all. There was a verdict for the plaintiff for $3,815, and defendant perfected this appeal.

I.

"It is well settled in this State that a real estate broker performs his duty, and is entitled to his commission, when a purchaser is introduced who is ready, willing and able to buy on the terms authorized by the principal. The completion of a valid and binding written contract is not required in case the principal is in a situation to execute it himself. It may, and doubtless often does, happen that the purchaser would prefer dealing directly with the owner. So it is held that the agent is entitled to his commission if he is the procuring cause of negotiations which resulted in the sale, even though the negotiations are conducted and concluded by the principal in person." [Gelatt v. Ridge, 117 Mo. l. c. 560, and cases cited.]

This principle of law is not questioned by the defendant. Neither is there any claim made that the instructions given were not proper. Nor yet is there any point made or exception saved as to the admission or exclusion of evidence. The sole contention made by the defendant in this case is that the *allegata* and *probata* do not correspond, and therefore it is insisted that upon the pleadings and proof the judgment must be for the defendant.

It has always been the law that the *allegata* and *probata* must correspond. [1 Greenl. Ev. (16 Ed.), sec. 63, p. 827; Rutledge v. Railroad, 110 Mo. 312.] That a party can not declare upon one cause of action and recover upon another, is axiomatic in our law. [Cabanne v. Skinker, 56 Mo. 357; Clements v. Yeates, 69 Mo. 623; Reed v. Bott, 100 Mo. 62; Haynes v. Trenton, 108 Mo. 123; Johnson-Brinkman Co. v. Bank, 116 Mo. 558.] But it is also equally well settled in our State that timely and appropriate objection must be made to the introduction of the evidence offered on the distinct ground of a variance between the *allegata* and *probata,* and that the objecting party must proceed in the manner provided by section 2096, Revised Statutes 1889, otherwise his objection will not be considered. [Briggs v. Munchon, 56 Mo. 467; Ely v. Porter, 58 Mo. 158.]

And the affidavit setting forth in what respect a party has been misled is the sole test of the materiality of a discrepancy between the *allegata* and *probata.* [Turner v. Railroad, 51 Mo. 501; Meyer v. Chambers, 68 Mo. 626; Olmstead v. Smith, 87 Mo. 602.] If a party fails to avail himself of section 2096, *supra,* in the trial court, it is too late to complain in the appellate court. [Fischer v. Max, 49 Mo. 404; Brown v. Railroad, 50 Mo. 461; Clements v. Maloney, 55 Mo. 352; Ridenhour v. Railroad, 102 Mo. 270; Mellor v. Railroad, 105 Mo. 455; Bank v. Leyser, 116 Mo. 51.]

No such course was pursued by the defendant in this case. The only substantial difference between the testimony offered by the plaintiff and defendant is as to whether the contract was that the defendant should pay commissions, or whether he was to receive $340,000 net and the purchaser to pay the commissions. On this point the Gerharts and the president of the plaintiff testified one way, and the defendant the other. The petition charged that the contract was that the plaintiff was to

have two and a half per cent commissions on $340,000, the price at which the property was sold, of which the Gerharts were to receive $5,000 (which they did) and the plaintiff the balance $3,500, which it never did. The answer is a general denial.

The proofs were strictly in consonance with the issues.

The evidence was conflicting but the great preponderance thereof, and all the circumstances, were in favor of the plaintiff. The jury believed the plaintiff and its witnesses. There was therefore no variance, no objection because of a variance, no affidavit of surprise filed, and no room to claim that there was a total failure of proof, and hence there is nothing disclosed by this record which this court will review. The defendant fought within the lines of the issues without objection —took its chances and lost. That is all there is in the case.

The judgment of the circuit court is affirmed. All concur.