JOSEPH F. GAUME et al., Respondents, v. CHARLES D. HORGAN, Appellant.

Kansas City Court of Appeals, January 14, 1907.

1. TRIAL PRACTICE: Pleading: Variance: Surprise: Affidavit. Where there is a variance between the cause stated in the petition and that made by the evidence it is necessary for the defendant to take advantage thereof by an affidavit showing in what respect he has been misled.

2. REAL ESTATE BROKER: Commission: Amount of Sale. Where realty is sold by the broker for more than the agreed price and he brings his action only for the agreed commission, the excess in the price is immaterial.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates,* Judge.

AFFIRMED.

*James C. Rieger* for appellant.

(1) "To support a recovery there must be substantial evidence of every material fact necessary to a recovery." Murdock v. Brown, 16 Mo. App. 548. "The evidence must be of tangible facts upon which the triers can base a reasonable belief, and from which they may make rational deductions and calculations." McConey v. Wallace, 22 Mo. App. 377. The court should have

granted defendant a new trial in this cause. Taylor v. Fox, 16 Mo. App. 527; Spooner v. Railroad, 23 Mo. App. 403; Brewery Co. v. Bodaman, 12 Mo. App. 573. "A trial court does not discharge its duty where it refuses to sustain a motion for a new tiral when the verdict is not supported by the evidence, and especially when it is clearly against the weight of the evidence." Lawson v. Mills, 130 Mo. 172; Bank v. Armstrong, 92 Mo. 265; Jeans v. Morrison, 99 Mo. App. 208; Snyder v. Railroad, 85 Mo. App. 498.

*Hamner, Hamner & Calvin* for respondents.

(1) The evidence conforms to and supports the petition; and there is no substantial variance between the pleading and the proof as offered. (2) Respondents further contend that if there were any variance between the allegations of plaintiffs' petition and the proof offered, that it was an immaterial variance; that the appellant was not misled thereby, to his prejudice, in maintaining his action or defense upon the merits; and that he failed to take advantage of the same by proper and timely objection at the trial or by making and filing his affidavit showing in what respect he had been or was misled. Casey v. Donovan, 65 Mo. App. 526; Humphreys v. Atlantic Milling Co., 98 Mo. 543; Olmstead v. Smith, 87 Mo. 602; Rumbolz v. Bennett, 86 Mo. App. 174; Ridenhour v. Cable Co., 102 Mo. 285; Fisher & Co. v. Realty Co., 159 Mo. 567; Bank v. Taylor, 69 Mo. App. 103; Hausberger v. Elec. Light Co., 82 Mo. App. 574; Stalzer v. Packing Co., 84 Mo. App. 573; Choquette v. Railroad, 152 Mo. 257; Crone v. Trust Co., 85 Mo. App. 607; Moneyham v. Cella, 91 Mo. App. 265.

ELLISON, J.—This action was instituted to recover of defendant a commission of five hundred dollars for the sale of his hotel property. The plaintiffs re-

covered judgment in the trial court. The claim of the plaintiffs is that they found a purchaser in one, D. P. Ritchie. The claim of the defendant is that he sold his property to Twig and that the latter sold it to Ritchie.

While there is some objection made in the brief and argument that the verdict is against the evidence, or rather the weight of the evidence, yet it is conceded in the brief that if the petition had been amended to accord with the facts disclosed in evidence and the instructions had been drawn to conform to the petition as amended, the jury would have had ground upon which to base the verdict. We agree that the verdict had evidence tending to support it, and it therefore only remains to inquire into the question of variance.

The petition alleges that the defendant placed the property with the plaintiffs for sale at the price of $17,000 and that if they would procure a purchaser at that price defendant would pay them a commission of $500. It is then alleged that plaintiffs procured Ritchie as such purchaser who bought the property for that sum. The instructions for plaintiffs submit the case as alleged in the petition. If there was a variance between the case alleged in the petition and that made by the evidence, it was necessary for defendant to have taken advantage of it by an affidavit showing in what respect he was misled, and that was not done.

We regard what we have stated as disposing of the points made by defendant, though it may be that he means to include in his complaint that the evidence not only did not support the petition, but that it did not justify the instruction for plaintiff submitting the case as it is stated in the petition. The instruction submits the hypothesis whether defendant sold the property for $17,000, while the evidence discloses that the real price was something above that sum, being between $17,000 and $18,000. But, as plaintiff only claimed the commission agreed upon for a sale at $17,000, we cannot see

where defendant could possibly be harmed. No objection was made that the evidence was not responsive to the petition, and as already stated there being no affidavit of surprise there was a waiver of the matter of variance. [Chouquette v. Railway, 152 Mo. 257; Fisher v. Realty Co., 159 Mo. 562.]

The record does not show anything which would justify us in disturbing the judgment and it is accordingly affirmed. All concur.