BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1911.

---

## MIKE MEKOS, Respondent, v. OSCAR FRICKE, Appellant.

### St. Louis Court of Appeals, September 30, 1911.

1. **PLEADING: Variance: Waiver.** Sections 1846 and 1847, Revised Statutes 1909, relating to variance, warrant an instruction to the jury to find a verdict on evidence constituting a variance, unless the complaining party has objected to the introduction of the evidence, or filed the required affidavit and thereby shown to the satisfaction of the court that he has been misled to his prejudice.

2. ——: ——: ——: **Contracts: Action for Breach.** In an action to recover damages for the breach of an express contract, the petition alleged that plaintiff and defendant had entered into a contract for the exchange of horses, under which, in a certain event, plaintiff was to get his horse back, upon returning defendant's; that the event had happened; that plaintiff had returned defendant's horse, but that defendant refused to give back plaintiff's horse; and that, in making the trade, plaintiff's horse had been valued by the parties at a certain amount. There was no proof to support the allegation that plaintiff's horse was given an agreed valuation, but defendant voluntarily introduced evidence as to its reasonable value. The court instructed the jury that, if they found for plaintiff, they should assess his damages at such sum as they found to be the value of the horse. *Held*, that the allegation concerning the agreed value did not pertain to the cause of action, but merely affected the mode of ascertaining the

amount of the recovery, and hence that the departure in allowing a recovery for the reasonable value of the horse was not a "failure of proof," under section 2021, Revised Statutes 1909, but was at most a "variance," which defendant waived by not filing an affidavit that he had been misled to his prejudice, in accordance with section 1846, Revised Statutes 1909.

3. **TENDER: Not Necessary, When: Contracts: Action for Breach.** Plaintiff and defendant traded horses, under a contract providing that, in a certain event, plaintiff should have the right to return defendant's horse and "boot money," and receive his own horse back. Claiming that the event had happened and that he had returned defendant's horse, plaintiff brought suit to recover damages for breach of contract on the part of defendant in refusing to return plaintiff's horse. Plaintiff did not tender the "boot money" to defendant. Defendant had disposed of plaintiff's horse before the suit was brought, and denied that plaintiff had any right to receive it back, under the contract. *Held*, that a tender of the "boot money" was rendered unnecessary by reason of the fact that defendant had disposed of the horse and thereby disabled himself from performing the contract, and also by reason of the fact that he denied his obligation to return the horse even though a tender had been made.

4. **VERDICTS: Form.** In an action to recover damages for breach of contract, by the refusal to return to plaintiff a horse which he had traded for another horse and $12.50, a verdict in the form, "We, the jury, . . . find for the plaintiff, and assess the value of the mare at $75.00, less $12.50, or $62.50" is not rendered void by reason of the fact that it discloses how the jury computed its amount.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors*, Judge.

AFFIRMED.

*James Booth* and *Jesse H. Schaper* for appellant.

(1) The law is well settled, that having sued upon an express contract the plaintiff must recover, if at all, upon the identical contract sued upon, and no other. Electric Ry. Co. v. Curtis, 154 Mo. 10; Davis & Rankin v. Creamery Assn., 63 Mo. App. 480. Having averred that the amount of his recovery was fixed

by express contract, he is bound by that averment and could not recover for the value, or reasonable value, of the mare as permitted by the instruction. Davis v. Drew, 111 S. W. 651. (2) Defendant's demurrer to the evidence ought to have been sustained. This was an action to rescind, or to treat as rescinded and rued, the bargain and contract between the parties and it devolved upon plaintiff before any right of action accrued under the terms of the contract to surrender, or offer to surrender, the boot money received by him in the trade. Nail v. Hughes, 133 S. W. 386; McGrew v. Smith, 136 Mo. App. 343; Landon v. Tucker, 130 Mo. App. 704; Cahn v. Reid, 18 Mo. App. 115. (3) The verdict of the jury did not specify the amount of the finding for plaintiff and is unintelligible and void. No judgment could be legally based upon it. The verdict was a part of the record proper and is subject to review here without any formal objection or exception. State v. Modlin, 197 Mo. 376.

*John W. Booth* for respondent.

(1) Failure of the evidence to support some one or more of the allegations of a petition as to the details of a contract is not necessarily fatal to recovery. Such failure will not defeat *in toto* the right of recovery unless the particular unproved or disproved detail be one which is essential to be proved in order to the relief sought in the action. Beck v. Ferrara, 19 Mo. 30; Construction Co. v. Iron Works, 169 Mo. 137. (2) Discrepancies between *allegata* and *probata,* such as are found in the case at bar are mere variances, the legal effect of which is fixed by statute (R. S. Mo., 1909, sec. 1846); and they are to be disregarded, unless the fact that such variance misled the opposing party to his prejudice in maintaining his action or defense be alleged and shown in the manner provided by said statute. Carson v. Quinn, 127 Mo.

525; Ely v. Porter, 58 Mo. 158; Bigham v. Tinsley, 149 Mo. App. 467; Bank v. Assurance Co., 106 Mo. App. 114; Chapman v. Currie, 51 Mo. App. 40; Kennerly v. Sommerville, 64 Mo. App. 75; Rumbolz v. Bennett, 86 Mo. App. 174. (3) Even in a case where the right to reclaim property which has been absolutely sold and delivered is asserted upon equitable principles, and the seller has received part payment of the purchase money, but less than his damages, his right to rescind is not conditioned upon his return of the money he received on the sale—that amount simply is taken as lessening the amount to be recovered as damages. Implement Co. v. Ellis, 125 Mo. App. 692.

STATEMENT.—This was an action to recover damages for breach of contract. The plaintiff had judgment and the defendant appealed. Plaintiff pleaded that on January 27, 1909, he exchanged mares with degendant, giving $12.50 as boot; that defendant agreed if a sore on the mare delivered by him ''should not heal up sound in a month'' he would take back his mare and return plaintiff's mare with the boot money; that the sore did not heal up sound within a month or at any time, and that on March 2, 1909, he returned defendant's mare and demanded back his, plaintiff's, mare and boot money, but defendant failed to return plaintiff's mare and told him he, defendant, had disposed of her, and also failed and refused to repay the boot money. The petition then alleges that ''in and by said contract of trade and exchange . . . plaintiff and defendant rated and valued said mare defendant so received from plaintiff, at the valuation of $102.50;'' and ''that by the matters and things aforesaid'' plaintiff ''has sustained damages to the amount of $115.00.'' Plaintiff prayed judgment for $115.00.

Defendant's answer, after a general denial, alleges that it was he and not the plaintiff who paid the boot money, and that under the agreement the plain-

tiff was not to have the right to return defendant's mare and have back his own, unless the sore got worse or broke open within thirty days, and avers that that contingency did not occur. Defendant also alleges that under the agreement plaintiff should have returned the boot money and had failed to do so or to offer to do so; that plaintiff returned the mare while defendant was away from home and against defendant's wishes and that defendant had since notified the plaintiff that he would not accept the return of the mare.

The reply was a general denial.

When the case came on for trial, plaintiff testified that in making the trade defendant guaranteed the sore to heal up in one month and agreed that if it did not, the plaintiff might return defendant's horse and have back his own. Plaintiff in such an event was to return the boot money to defendant. He testified that it was defendant and not the plaintiff who paid the boot money, and that in making the trade "nothing was said about the value of the horses;" that he kept defendant's horse thirty-two days, and the sore not having healed up a bit, then took her back and put her in defendant's stable while defendant was not at home. Later he told the defendant that the sore was no better and that he had brought the mare back. About three weeks after the trade, defendant told plaintiff he had traded the plaintiff's mare off. Plaintiff testified that he had never offered to return to defendant the $12.50. Defendant testified that in making the trade he told plaintiff that if the sore "broke open or got worse in thirty days we would rue the bargain, and he said he would trade that way, and that is the way we did trade." Defendant testified that the sore on the mare's leg was a good deal better when he brought her back than when they traded. He testified that the mare he got from plaintiff was worth $75.00.

At the close of all of the evidence the defendant offered and the court refused to give an instruction in the nature of a demurrer to the evidence and the defendant duly excepted. At the request of plaintiff the court instructed the jury on the measure of damages that if they found for the plaintiff they should assess his damages at such sum as they might find to be the value of the mare defendant received from plaintiff, less the $12.50 paid by defendant to plaintiff. Defendant duly excepted to the action of the court in giving such instruction.

The verdict of the jury was as follows: "We, the jury in the case of M. Mekos vs. O. Fricke find for the plaintiff, and assess the value of the mare at seventy-five dollars, less $12.50, or $62.50."

Thereupon the court rendered judgment for plaintiff on said verdict for the sum of $62.50 and costs. From said judgment defendant has appealed.

CAULFIELD, J. (after stating the facts).— I. Defendant assigns as error the action of the trial court in giving the instruction upon the measure of damages, contending that, inasmuch as the plaintiff had alleged in his petition that "in and by said contract of trade and exchange . . . plaintiff and defendant rated and valued said mare defendant so received from plaintiff at the valuation of $102.50," he thereby averred that the amount of his recovery was fixed by express contract and was bound by that averment and could not recover the reasonable value of the mare as permitted by the instruction. The evidence of reasonable value was admitted without objection. In fact it consisted solely of defendant's own evidence, voluntarily offered by him. No affidavit that he had been misled to his prejudice was filed by the defendant.

It has been held that sections 1846 and 1847, R. S. 1909, relating to variance, warrant an instruction to a

jury to find a verdict on evidence irrelevant to the pleadings and constituting a variance, unless the party objecting has objected to the introduction of the testimony, or filed the required affidavit and proves thereby to the satisfaction of the court that he has been misled to his prejudice. [Litton v. Railroad, 111 Mo. App. 140, 85 S. W. 978.] But section 2021 provides that where the cause of action alleged is unproved in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof, and under this section, if showing the reasonable value of plaintiff's mare, without proving the alleged agreement fixing the value, constituted a total failure to prove the *cause of action* stated, then the instruction given was erroneous, otherwise not. [Litton v. Railroad, supra.] We do not think that it did. Plaintiff's petition is predicated upon an express contract under which in certain event he was to have the right to have back his horse on returning defendant's. He alleged the happening of the event, the return of defendant's horse, and the refusal of defendant to give back the horse he had received. He sues to recover damages for the breach involved in defendant's refusal. He adds the allegation that in making the trade his horse had been valued by the parties at a certain amount. Under these allegations plaintiff's cause of action consisted of the express contract which he alleged, the happening of the event mentioned, sufficient performance of the terms of the contract on plaintiff's part, and the refusal by the defendant to perform on his part. All these things he proved. The allegation that the value had been agreed upon was not one pertaining to the cause of action at all; it affected the mode of ascertaining the amount of the recovery; it pertained only to the remedy. [Pomeroy's Code Remedies (4 Ed.), sec 348.] The departure as to that was at the most a mere variance which defendant

waived by not proceeding in the manner pointed out by the statute.

II. Defendant next contends that his demurrer to the evidence should have been sustained because the evidence discloses that plaintiff did not tender the $12.50 received by him as boot money. Such tender was rendered unnecessary by defendant in two ways: First, by having previously disposed of the mare and thus disabled himself from performing the contract; second, by denying his obligation to return her, even if a tender was made. When he thus disabled himself from performing and denied the obligation of the contract, plaintiff's right of action became complete. What good would a tender have accomplished? Defendant could not return the mare as he had contracted to do, and by denying his obligation, in effect he said that he would not if he could. A tender would have been a useless and an idle ceremony. In this respect we may add, although we do not think it material, that plaintiff is not suing for the consequence of a rescission, but for the breach of the contract to return his horse. Defendant makes no point as to the discrepancy between the pleading and the proof as to who paid the boot money and we will not notice it.

III. Defendant next asserts that the verdict "did not specify the amount of the finding for plaintiff and is unintelligible and void." This assertion is unfounded. The verdict is clearly for sixty-two dollars and fifty cents. It does disclose how its amount was computed, viz., by subtracting the boot money paid by defendant from the value of plaintiff's horse, but it was not rendered vague or uncertain by that disclosure. It is sufficient.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.