## L. A. THOMAS, Respondent, v. BAMBRICK BROTHERS CONSTRUCTION COMPANY, Appellant.

### St. Louis Court of Appeals, April 6, 1915.

1. **CONTRACTS: Action For Breach: Pleading: Variance.** In an action for the amount due under a contract to remove clay from defendant's quarry, the petition alleged the substance of the contract and that "it was further agreed by and between the parties that the number of cubic yards of clay to be removed was 30,000;" that plaintiff duly entered upon the performance of the work and removed a certain quantity of clay, and that defendant, without cause, prevented plaintiff from continuing under the contract, although plaintiff was ready, willing and able to complete the work therein provided for; that had plaintiff been permitted to do so, he would have removed in all 30,000 cubic yards of clay, upon which he would have made a net profit of a certain amount. The written contract introduced in evidence contained no agreement to the effect that 30,000 cubic yards of clay was to be removed. *Held,* that the allegation concerning the quantity of clay to be removed did not pertain to the cause of action, but merely pertained to the quantum of damages to be recovered, and hence there was not a total failure of proof, but, at most, an immaterial variance, which defendant waived by not filing an affidavit that he had been misled to his prejudice, in accordance with Sec. 1846, R. S. 1909.

2. **PLEADING: Variance: Mode of Objecting.** The appellate court will not consider a complaint that there was a variance between the pleading and the proof unless the complaining party pursued in the trial court the course pointed out by Sec. 1846, R. S. 1909.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

(1) The court erred in admitting in evidence the contract in writing, dated November 27, 1905, as said contract is not the contract declared on in the petition. Koons v. St. Louis Car Co., 203 Mo. 227; Clements v. Yeats, 69 Mo. 625; Smith v. Shell, 82 Mo. 219; Henning v. U. S. Ins. Co., 47 Mo. 431. (2) The court erred in admitting parol evidence as to the number of cubic yards of clay to be removed under the terms of the contract declared on. Cole v. Armour, 154 Mo. 350. (3) Failure of plaintiff to prove the contract declared on in the petition constituted a failure of proof and it was error to refuse the peremptory instruction requested by defendant at the close of plaintiff's case. (4) Failure of the court to instruct the jury that the total volume of clay to be removed under the terms of the contract declared on was thirty thousand cubic yards is reversible error. (5) (a) Instruction number 1 given at the instance and request of plaintiff is erroneous in that it is not predicated on the contract declared on in the petition and ignores a vital issue in the case. Fitzgerald v. Hayward, 50 Mo. 516; Ellis v. Wagner, 24 Mo. App. 407; Brownfield v. Phoenix Ins. Co., 26 Mo. App. 390; Hohstadt v. Daggs, 50 Mo. App. 240; Beauchamp v. Higgins, 20 Mo. App. 514; Russell v. Railroad, 26 Mo. App. 368; Mansure v. Bolts, 80 Mo. 651; Sheedy v. Streeter, 70 Mo. 679. (b) Instruction number 1 is erroneous and prejudicial in that it excludes any theory or right of defense arising under the entire evidence. Carroll v. Railroad, 60 Mo. App. 465; Mallmann v. Harris, 65 Mo. App. 127. (6) Instruction number 1 is erroneous in that the jury are instructed that "if you find and believe . . . that the defendant refused to allow plaintiff to continue in the execution of said contract or made it impossible

for plaintiff to continue the performance of same, then you will find, etc." Hartzell v. Crumb, 90 Mo. 639.

*Claud D. Hall* and *Sheridan Webster* for respondent.

(1) There was no error in admitting the memorandum of contract dated November 27, 1905, as there was no variance between the contract set up in the petition and that offered in evidence. But if there was a variance the same was waived by the defendant. Section 1846, R. S. 1909; Fisher v. Realty Co., 159 Mo. 562; Shelton v. Durham, 76 Mo. 435; Hannon v. Transit Co., 102 Mo. App. 216; Zachra v. Mfg. Co., 179 Mo. App. 683; Farmers Bank v. Manchester Assurance Co., 106 Mo. App. 114; Bank v. Assurance Co., 106 Mo. App. 125. (2) The court did not err in admitting parol evidence as to the number of cubic yards of clay to be removed under the terms of the contract declared on. (a) It was proper to introduce parol testimony to show the number of cubic yards that were to be removed, because it was consistent with the terms of the writing and did not vary or contradict the contract. Boden v. Maher, 105 Wis. 539; Barr & Martin v. Johnston, 170 Mo. App. 394; 17 Cyc. 727; Turner v. Dixon, 150 Mo. 416; Charles v. Patch, 87 Mo. 450; McPyke v. Allman, 53 Mo. 551; 17 Cyc. 730. (b) But this parol testimony as to the number of cubic yards of dirt to be removed, and contained in the quarry, was introduced without objection, and defendant introduced the same evidence in his cross-examination of plaintiff's witnesses. Cady v. Coates, 101 Mo. App. 147; Berkson v. Cable Co., 144 Mo. 211; Dunlap v. Griffith, 146 Mo. 283; Price v. Mallet, 138 Mo. 561; Frankenthal v. Assurance Co., 76 Mo. App. 15; 17 Cyc. 753 and 800. (c) Not only should defendant have objected to such parol testimony, but should have

189Mo.App.40

again requested that it be stricken out, or limited its effect by an instruction. Hitt v. Hitt, 150 Mo. App. 631; 17 Cyc. 753. (3) Instruction number 1 was not erroneous. (a) This instruction only had to do with the right of the plaintiff to recover for the dirt actually removed, and for that reason it was unnecessary for the total amount of cubic yards in the quarry to be found by the jury, as the plaintiff's recovery on this item was wholly disconnected from the damages resulting from plaintiff not being permitted to complete the contract (and which was covered by other instructions). (b) That there were 30,000 cubic yards in the quarry was conceded and hence not necessary to be embodied in the instruction. McQuillin on Instructions, p. 83, sec. 11; Sheridan v. Forsee, 106 Mo. App. 495; McLean v. Kansas City, 100 Mo. App. 625; Parks v. Railroad, 178 Mo. 108 and cases cited; 9 West's Mo. Digest, Column 15343; Rice v. McFarland, 41 Mo. App. 495 and cases cited; State ex rel. v. Branch, 151 Mo. 622. (c) The instruction number 1 was not erroneous in either failing to be predicated upon the petition, or in excluding any theory or right of defense which defendant may have had to plaintiff's right to recover the balance due for clay actually removed. (d) Said instruction number 1 was not erroneous, in providing . . . "If you find and believe . . . that the defendant refused to allow plaintiff to continue in the execution of said contract, or made it impossible to continue the performance of the same," . . . as this was a proper provision in this instruction as to the plaintiff's right to recover for the clay actually removed, and defendant did not offer any other more specific instruction.

ALLEN, J.—On November 27, 1905, plaintiff made a written proposal to defendant corporation to strip and remove the clay from defendant's quarry in the city of St. Louis at the price of twenty cents per cubic

yard, which proposal was accepted by defendant corporation by its written acceptance affixed thereto. Because of the nature of the assignments of error before us, the contents of the writing need not be fully stated.

The petition pleads the substance of the contract sued upon, to which is added, as a separate paragraph of the petition, the following allegation, viz.:

"It was further agreed by and between the parties that the number of cubic yards of clay to be removed was thirty thousand cubic yards."

The petition then avers that plaintiff duly entered upon the performance of the contract, and removed 6862 cubic yards of clay, in accordance therewith, for which he was entitled to receive $1372.40; that defendant had paid plaintiff the sum of $997.39, leaving a balance due plaintiff of $375.01 for clay actually removed by him under the terms of the contract. It is then alleged that on the —— day of February, 1906, defendant, without cause, wrongfully prevented plaintiff from continuing under the contract and terminated the same, though plaintiff had duly performed on his part and was ready, willing and able to continue the work under the contract; that had plaintiff been permitted to so continue he would have removed in all the sum of thirty thousand cubic yards of clay, and that upon the clay which he had not removed he would have made a net profit of six cents per cubic yard, or a total of $1388.88. Judgment is therefore prayed for $1763.89, the sum of the two above-mentioned items.

The answer is a general denial.

· The trial, before the court and a jury, resulted in a verdict and judgment for plaintiff for $1000, from which defendant prosecutes this appeal.

It is unnecessary to here review the evidence adduced at the trial. It is sufficient to say that there was abundant testimony in plaintiff's behalf tending to establish the cause of action pleaded in his petition, and to sustain the verdict and judgment.

Aside from some criticism of one instruction, which does not warrant discussion, the assignments of error have to do with the effect of the allegation above quoted from the petition, viz., that is was agreed between the parties that there were originally thirty thousand cubic yards of clay to be removed. The written contract did not contain such a provision, and it is urged that the court erred in admitting it in evidence, over defendant's objections, upon the ground that it was not the contract declared on in the petition; and that defendant's demurrer to the evidence should have been sustained for the reason that there was thus a total failure of proof as to the cause of action pleaded. In this same connection also other points are raised which need not be specifically stated. But it is readily apparent that there is no merit in these contentions. The allegation in question is not an averment of any constitutive element of plaintiff's cause of action. By pleading the contract, performance by plaintiff, and the facts alleged to constitute a breach thereof, plaintiff fully pleaded his cause of action. The statement that the parties "agreed" that the clay to be removed amounted to a certain number of cubic yards is an immaterial averment, and merely relates to the remedy in that it pertains to the quantum of damages recoverable. It is not averred as being one of the stipulations of the written contract, nor as otherwise constituting any binding agreement between the parties, limiting the amount of clay to be removed, which is otherwise alleged to be "the clay" in the quarry, as the contract provides. According to plaintiff's evidence defendant's president stated, when the written contract was executed, that the clay to be removed amounted to thirty thousand cubic yards. It is to be inferred that plaintiff assumed this to be correct; and the evidence was that there was at least this amount of clay. Though it is pleaded that the parties agreed as to this, it is evident that what is meant is that defendant thus

made an admission as to a matter affecting the amount recoverable in the action. It was, in effect, pleading the evidence, in part, by which plaintiff expected to prove the amount of clay to be removed, as elsewhere alleged in his petition; and though it may be open to criticism on this score, as a matter of pleading, this allegation had no such effect as appellant seeks to give to it.

Nor was there a total failure of proof. At most there was a mere variance between the pleading and the proof. And if there can be said to have been any such variance it was not material; nor does it appear that the appellant was thereby in any way misled to its prejudice. [Sec. 1846, Rev. Stat. 1909.] And, in any event, since appellant did not pursue the course pointed out by the statute it cannot now complain thereof. [See Fisher v. Realty Co., 159 Mo. 562, 62 S. W. 443; Rundelman v. Boiler Works Co., 178 Mo. App. 642, 161 S. W. 609.]

In Mekos v. Fricke, 159 Mo. App. 631, 139 S. W. 1181, this court had before it the very question here involved, and the opinion is pointed authority for our ruling herein.

The case was well tried below, and the record is free from prejudicial error. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.