J. JOHNSON, Respondent, v. MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed March 6, 1923.

1. **CARRIERS: Carriers of Freight: Damages: Delayed Shipment: Justices of the Peace: Statement: Evidence: Variance: Not Prejudicial.** In view of the fact that an action against a carrier for damages to a shipment of potatoes was begun before a justice of the peace where there are no formal pleadings, and great liberality is indulged in respect to the statement of a cause of action, and the statement alleged delivery to defendant, a terminal or delivering carrier, while the evidence showed a delivery to an initial carrier and that the goods came into defendant's hands from a connecting carrier, *held* no affidavit of surprise having been filed the variance is to be regarded as not material and hence not prejudicial to the rights of defendant.

2. **INTERSTATE COMMERCE: Carriers: Negligence: Delayed Shipment: Liability: Governed by Federal Law.** The liability of carriers arising out of their duty in respect to the transportation of goods in interstate commerce under bills of lading depends upon acts of Congress, agreements between the parties, and common-law principles accepted by and enforced in the Federal courts.

3. **CARRIERS: Carriers of Freight: Interstate Commerce: Negligence: Delayed Shipment: Liability.** Under the Federal law recovery may be had against a carrier of goods, in an interstate shipment,

for loss or damage proximately caused by the carrier's breach of its common-law duty to transport the goods with reasonable dispatch, i. e., to use due diligence to deliver the goods at destination within a reasonable time.

4. ——: ——: ——: ——: Evidence: Failure to Transport: Prima-facie Case. In an action against a carrier for loss or damage due to the carrier's failure to transport a shipment with reasonable dispatch, plaintiff makes out a prima-facie case (so far as concerns that phase of the case) by proof of the defendant carrier's failure to transport and deliver the goods within a reasonable time, making it incumbent upon the defendant to adduce evidence by way of explanation or excuse for such failure, as tending to show that the same was due to a cause or causes consistent with due care on its part and for which the carrier is not responsible.

5. ——: ——: ——: ——: ——: Potatoes Freezing: Carrier's Delay: Prima-facie Case of Liability. In an action by a shipper of potatoes against a carrier for damages caused by freezing due to failure of the carrier to transport the shipment with reasonable dispatch, plaintiff's evidence showed that the shipment was of perishable goods at a season when extremely cold weather might be expected, and that defendant after receiving the goods consumed seven days in transporting and delivering them at destination, whereas. two days was a reasonable time therefor, and in the face of this testimony defendant stood mute, held that plaintiff made a prima-facie case of liability.

6. ——: ——: ——: ——: Connecting Carriers: Goods Delivered in Good Condition to Initial Carrier: Presumption: Carmack Amendment. Where it appears that goods were delivered to the initial carrier in good condition, the presumption is indulged, prima-facie, that they remained in that condition to the time of their delivery to the last or delivering carrier, and that the injury or loss occurred while in that carrier's possession, and the provisions of the Carmack Amendment (U. S. Comp. Stat., secs. 8604a, 8604-aa) making the initial carrier liable for loss occurring on its line or that of any connecting carrier, has not abrogated the common-law presumption.

7. ——: ——: ——: ——: ——: Instructions: Instruction Authorizing Verdict Against Terminal Carrier Without Regard to Whether Loss was Due to its Delay: Erroneous. In an action by a shipper of potatoes for damages caused by freezing due to the failure of the carrier to transport the shipment with reasonable dispatch, an instruction authorizing a verdict for plaintiff upon the finding that there was a negligent delay in the carriage of

the potatoes, without regard to whether the loss was due to the delay occurring on the defendant's line, defendant not being the initial carrier, was error, as in order to cast liability upon the defendant as the delivering carrier, it was necessary that the jury find, as a fact, that the loss occurred through the fault or breach of duty of defendant while the goods were in its possession.

8. ———: ———: ———: ———: ———: Damages: Shipment in Possession of Terminal Carrier: Liability: Jury Question. Where a shipment of potatoes passed through the hands of three carriers and upon arrival at their destination were found to be damaged by freezing, entailing a loss for which plaintiff sues, and the evidence showed an unreasonable delay occurred before defendant, the terminal or delivering carrier, received the shipment, it was for the jury to say what inferences should be drawn from the evidence as a whole as to whether the loss occurred through the fault or breach of duty of defendant while the goods were in its possession.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Wilson A. Taylor,* Judge.

Reversed and remanded.

*James F. Green, H. H. Larimore* and *M. U. Hayden* for appellant.

(1) The court erred in refusing to instruct the jury, at the close of the testimony on the part of the plaintiff, to return a verdict for the defendant, because no evidence was offered tending to establish the allegations of the petition. Gibson v. Baskett, 178 S. W. 237. The court also erred in refusing to give such instruction because there was no testimony tending to establish, on the part of the defendant, negligent delay, and the burden was upon the plaintiff to establish not only delay, but that such delay was caused by negligence, and a mere showing of delay does not of itself establish negligence. Baker et al. v. Schaff, 211 S. W. 103; Burgher v. Wabash Railway Co., 217 S. W. 854; McFall v. Railroad, 181 Mo. App. 142; Winslow v. Railroad, 170 Mo. App. 617; Berry v. C. & A. R. R. Co, 208 S. W. 622. (2) It was

error to give to the jury instruction No. 1, requested
by the plaintiff, for the reason that by such instruction
the jury were told that defendant was liable for the
negligence not only on its own part, but also for any
negligence on the part of the initial carrier.   Adams
Express Co. v. Croninger, 226 U. S. 491; Walker v.
Railroad, 162 Mo. App. 374; Otrich v. Railroad, 154
Mo. App. 421.

*F. A. Thompson* and *Glen Mohler* for respondent.

A mere variance between pleading and proof is
waived by failure to file the statutory affidavit.   Clydes-
dale Horse Co. v. Bennett, 52 Mo. App. 337; Cornell v.
Railroad, 143 Mo. App. 598; Thomas v. Bambrick, 189
Mo. App. 623; Sec. 1272, R. S. 1919.   The presumption
at common law is that where goods are delivered to the
initial carrier in good condition and are delivered by a
subsequent connecting carrier at destination in bad con-
dition, the damage occurred on the delivering carrier's
line.   Dean v. Railway, 148 Mo. App. 428; Flynn v.
Railway, 43 Mo. App. 424; Connely v. Railway, 133 Mo.
App. 310; Bockserman v. Railway, 169 Mo. App. 168;
10 Corpus Juris, secs. 924-928.   The Carmack Amend-
ment (34 U. S. Stat. at Large, 593) does not abrogate
or supersede the common-law rule above stated as to
interstate shipment.   Chicago & Northwestern Ry. Co.
v. C. C. Whitnack Produce Co., U. S. Supreme Court
Advance Opinions, 1921-1922, No. 13, p. 393; Atlantic
Ry. Co. v. Thomasville Co., 13 Ga. App. 102; Glassman
v. Railway, 166 Iowa, 254; Duvall v. Railway, 135 La.
189; Newborn v. Railway, 170 N. C. 205; Chicago Ry.
Co. v. Harrington (Okla.), 143 Pac. 325; Georgia, etc.
R. Co. v. Blish Milling Co., 241 U. S. 189.   Whether the
delay of three days in St. Louis was unreasonable was
a jury question, and, being wholly unexplained, raises an
inference of negligence in carriage sufficient to take the
case to the jury.   Libby v. Railroad, 137 Mo. App. 282;
Hunt v. Railroad, 187 Mo. App. 639; McFall v. Rail-

road, 181 Mo. App. 149; Gregory v. Railroad, 174 Mo. App. 550; Sloop v. Wabash, 93 Mo. App. 605; New York, etc., R. Co. v. Peninsula Prod. Exch., 240 U. S. 34.

ALLEN, P. J.—This is an action, instituted before a Justice of the Peace, to recover for damage to a carload of potatoes through freezing, alleged to have been caused by a breach of defendant's duty as a common carrier to transport and deliver the same with due care and within a reasonable time. The trial below, before the court and a jury, resulted in a verdict and judgment for plaintiff, and the defendant prosecutes the appeal.

This shipment originated in Wisconsin and was transported to St. Louis by the Chicago & Eastern Illinois Railway Company, consigned to plaintiff. Plaintiff's evidence shows that upon arrival of the car in St. Louis it was opened and the potatoes inspected by plaintiff and another witness and found to be in sound condition. Thereupon plaintiff reconsigned the car, to his own order, for transportation to Clarksville, Arkansas; the Chicago and Eastern Illinois Railway Company issuing its bill of lading therefor on December 3, 1917. It appears that the car was handled in St. Louis by the Chicago & Eastern Illinois Railway Company and the Terminal Railroad Association of St. Louis, the latter delivering it to the defendant, Missouri Pacific Railway Company; and that defendant issued its way-bill therefor on December 6, 1917, upon which day the car left St. Louis. It thus appears that a period of three days was consumed in getting the car started from St. Louis, whereas plaintiff's evidence tends to show that one day was a reasonable time therefor. Upon whose line or lines this delay occurred the evidence does not disclose. Though the shipment left St. Louis on one of defendant's lines on December 6, 1917, it appears that it did not arrive at Clarksville, Arkansas, until December 13, seven days being consumed in such carriage. And plaintiff's evidence is that a reasonable time for trans-

porting the same from St. Louis to Clarksville, a distance of about four hundred and twenty-three miles, was two days. Upon the arrival of the potatoes in Clarksville they were found to be damaged by freezing, entailing in the loss for which plaintiff sues.

Testimony for plaintiff shows that on December 3, 1917, the temperature in St. Louis was above the freezing point; that on December 4 at that place it fell below the freezing point and continued to fall until December 8, when it was at zero (Fahrenheit), remaining but a few degrees above zero until December 13; that in Little Rock (Clarksville being south thereof) the temperature was above freezing until December 8 when it was thirty degrees above zero; that on December 10 it was thirty-four degrees above zero, on December 11, twenty degrees above zero, on December 12, eighteen degrees above zero, and on December 13, twenty-eight degrees above zero.

The testimony for plaintiff further shows that the shipment was made in a refrigerator car in which there was a heater. And a witness for plaintiff testified that potatoes shipped in a refrigerator car could stand a temperature of about zero without freezing for a time, but that after the second or third day the cold would get into the car and they would begin to freeze; and that exposure to low temperature for several days would result in freezing.

All of the evidence to which we have referred was offered by plaintiff; defendant offering none.

The first assignment of error is to the action of the trial court in refusing to peremptorily direct a verdict for the defendant. In support of this assignment it is argued, in the first place, that the peremptory instruction should have been given because the evidence fails to support the averment of plaintiff's petition, or statement filed before the justice of the peace, to the effect that plaintiff delivered the carload of potatoes to this defendant for transportation to Clarksville, since it appears that the car was not delivered by plaintiff to de-

fendant but to the Chicago & Eastern Illinois Railway Company, the initial carrier. But we think that the point is without merit, particularly in view of the fact that the action was begun before a justice of the peace where there are no formal pleadings and great liberalty is indulged in respect to the statement of the plaintiff's cause of action. While the evidence does not show a delivery by plaintiff directly to the defendant, it does show a delivery to an initial carrier and that the goods came into defendant's hands from an intermediate connecting carrier, defendant being the terminal or delivering carrier. No affidavit of surprise was filed, and the variance is to be regarded as not material and hence not prejudicial to the rights of defendant. [See: Fisher & Co. R. E. Co. v. Staed Realty Co., 159 Mo. 562, 62 S. W. 443.]

It is further contended that the evidence failed to make out a case of liability against the defendant. The shipment was an interstate one, and it is said that under the Federal law, by which the question of defendant's liability must be determined, mere proof of delay in the transportation and delivery of the goods, does not establish a negligent delay, and is insufficient to warrant a recovery. It is true that the matter is one governed wholly by Federal law. The liability of carriers arising out of their duty in respect to the transportation of goods in interstate commerce under bills of lading depends upon acts of Congress, agreements between the parties, and common-law principles accepted by and enforced in the Federal Courts (New York Central & Hudson River R. Co. v. Beaham, 242 U. S. 148). But we regard it as clear that under the Federal law recovery may be had against a carrier of goods, in an interstate shipment, for loss or damage proximately caused by the carrier's breach of its common-law duty to transport the goods with reasonable dispatch, i. e., to use due diligence to deliver the goods at destination within a reasonable time; and that in a case of such

character the plaintiff may make out a prima-facie case (so far as concerns that phase of the case) by proof of the defendant carrier's failure to transport and deliver the goods within a reasonable time, making it incumbent upon the defendant to adduce evidence by way of explanation or excuse for such failure, as tending to show that the same was due to a cause or causes consistent with due care on its part and for which the carrier. is not responsible.  It cannot be doubted, we think, that the duty to transport with reasonable dispatch, or to use due diligence to that end, is as much a part and parcel of the common-law duty of the carrier as is the duty to convey safely.  In 4 Ruling Case Law, pp. 737, 738, sec. 206, it is said:

"While, in the absence of an express contract, no rule of law exists specifying the exact time within which delivery must be made, still the authorities generally agree that there is an implied promise to carry and deliver within a reasonable time.  In other words the law requires of common carriers due diligence, this being as much a part of their contract as the obligation to deliver the property transported in good condition, and if any unreasonable and unnecessary delay occurs, either in the transportation thereof or its delivery after arrival at the terminus of the route, for the immediate and proximate damages resulting from such neglect of duty the carrier is liable."

In support of this statement of law numerous authorities are cited (4 R. C. L. 737, 738) with which we need not encumber this opinion.  And see also: New York, P. & N. R. Co. v. Peninsula Produce Exchange, 122 Md. 215, where the matter is fully discussed; and same case in United States Supreme Court, on error, 240 U. S. 34.  And that such is the accepted rule in the Federal courts will appear by reference to the following: New York P. & N. R. Co. v. Produce Exchange, 240 U. S. 34; Chicago & Alton R. Co. v. Kirby, 225 U. S. 155, 32 Sup. Ct. 648, 56 U. S. (L. Ed.) 1033, Ann. Cas. 1914A, 501.

The common-law rule that in a case of this character the plaintiff may make out a prima-facie case by proof of the defendant's failure to transport and deliver the goods within a reasonable time is fully supported by the authorities, and has the sanction of the Federal courts. In New York P. & N. R. Co. v. Peninsula Produce Exchange, supra, 122 Md. 215, the action was one for failure to transport an interstate shipment of berries within a reasonable time. Plaintiff's proof showed a delay in the transportation and tended to show that such was a failure to deliver within a reasonable time under the circumstances. The defendant, as here, offered no evidence. The Court of Appeals of Maryland held that plaintiff made a prima-facie case. The court, *inter alia* said:

"The duty to deliver without undue delay was just as obligatory at common law as the duty to deliver safely. [Baltimore & Ohio R. R. Co. v. Whitehill, 104 Mo. 310.] In P., B. & W. R. R. Co. v. Diffendal, 109 Md. 509, this court, speaking through Judge WORTHINGTON, said that it became the implied duty of a defendant in accepting a carload of fruit for transportation 'to use due diligence to deliver the same at its destination within a reasonable time (Hutchinson on Carriers, sec. 652), and for a breach of this duty resulting in a loss to the plaintiff, the defendant was responsible in damages whether the loss was occasioned by a fall in the market price, or by damage to the goods themselves, or by a combination of the two causes.' . . . There is no evidence offered by the defendant carrier to explain and excuse the delay which is shown to have occurred in the transportation. Conditions might be supposed under which the most diligent action by the carrier might not secure delivery within a stipulated time. But in this case the proof tends to show that the duty to forward *with reasonable dispatch* has not been performed, and, under such circumstances as the present, the carrier cannot be exempted from liability merely because the

consequence of the delay thus occurring was a loss of market value and not some other form of injury to the property.''

The judgment of the Maryland Court in that case was affirmed by the Supreme Court of the United States (240 U. S. 34). And see: Chicago & Alton R. Co. v. Kirby, supra.

The law does not attempt to fix any arbitrary rule as to what will constitute a reasonable time for delivery. ''Each case is referred to its own peculiar circumstances, an account being taken of the mode of conveyance, the distance, the nature of the goods, the season of the year, the character of the weather, and the ordinary means for transportation under the control of the carrier.'' [4 R. C. L. 738, sec. 207.] In the instant case plaintiff's evidence showed that the shipment was of perishable goods at a season when extremely cold weather might be expected, and while showing an unreasonable delay in the City of St. Louis, showed that defendant, after receiving the goods, consumed seven days in transporting and delivering them at destination, whereas, it is said, two days was a reasonable time therefor. And in the face of this testimony, defendant stood mute. In this state of the record, we think that it cannot be doubted that plaintiff made a prima-facie case under the rule of law invoked and which we have stated above.

And the circumstances shown in evidence undoubtedly sufficed to show, prima facie, that the damage to the goods by freezing was proximately due to the failure to transport and deliver them within a reasonable time. [See: McGraw v. B. & O. R. Co., 18 W. Va. 361, 41 Am. Rep. 696, 11 A. S. R. 361; Fox v. Boston & Maine R. Co., 148 Mass. 220; Wood v. Chicago, etc., R. Co., 68 Iowa, 491, 27 N. W. 473, 56 Am. Rep. 861; Hewett v. Chicago, etc., R. Co., 63 Iowa, 611, 19 N. W. 790; Tierney v. New York, Cent., etc., R. Co., 76 N. Y. 305; 4 R. C. L., p. 739, sec 207; 6 Cyc. 444.]

The decisions of the Kansas City Court of Appeals relied upon by defendant do not, when rightly considered,

support defendant's contention that plaintiff made no case. In Berry v. Chicago & Alton R. R. Co., 208 S. W. 622, involving an interstate shipment, it was shown that the shipment was delayed en route so that the goods did not reach a particular market, but it is expressly stated in the opinion that there was no proof of a failure to transport and deliver them within a reasonable time. It was held that a mere showing of delay was insufficient, and that a statute of this State relating to the burden of proof in such actions has no application to a case involving an interstate shipment, the burden of proof being a matter of substance and not subject to control by state law. In Burgher v. Wabash Ry. Co., 217 S. W. 854, a case of like character, it expressly appears that the plaintiff made no showing of a failure to transport and deliver within a reasonable time. In Baker et al. v. Schaff, 211 S. W. 103, which follows Berry v. Railroad, supra, it is said in the opinion that "there was evidence tending to show a delay in the transportation, and that if the delay had not occurred the stock would have reached destination in time for an earlier and higher market than it did reach;" but it does not appear from the opinion that there was any proof of a failure to transport and deliver within a reasonable time. Other cases cited do not aid defendant.

Defendant does not appear to question plaintiff's right to proceed against it as the delivering carrier and to invoke the common-law presumption that the loss and damage occurred while the goods were in defendant's possession. It appearing that the goods were delivered to the initial carrier in good condition, the presumption is indulged, prima facie, that they remained in that condition to the time of their delivery to the last or delivering carrier, and that the injury or loss occurred while they were in that carrier's possession. [4 R. C. L., pp. 916, 917, sec. 372.] And the provisions of the Carmack Amendment (Act of January 29, 1906, Chap. 349; 34 Stat. at Large, 584-595; Comp. Stat., secs. 5563 et seq.; 4

Fed. Stat. Anno. (2d Ed.), pp. 33-499) making the initial carrier liable for loss occurring on its line or that of any connecting carrier, has not abrogated the common-law doctrine concerning the presumption mentioned above. [See: Chicago & Northwestern Railway Co. v. C. C. Whitmack Produce Co., U. S. Supreme Court Advance Opinions, May 15, 1922, p. 393; Durnfort v. C. B. & Q. R. Co., 246 S. W. 973.]

We are consequently of the opinion that the trial court committed no error in refusing to direct a verdict for defendant.

Defendant complains of the giving of plaintiff's instruction No. 1, which is as follows:

"The court instructs the jury that if you find and believe from the evidence that on or about December 3, 1917, plaintiff delivered to an initial carrier at St. Louis, one carload of potatoes properly marked and consigned to Clarksville, Arkansas, and if you further find and believe from the evidence that said potatoes were delivered by the initial carrier to the defendant, Missouri Pacific Railroad Company, as the terminal carrier, to deliver said potatoes at destination, and that if you further find and believe from the evidence that there was a negligent delay in the carriage of said potatoes as a direct result of which a portion of said potatoes were damaged and rendered worthless, if you so find and believe from the evidence, upon their arrival at destination, and that plaintiff did not contribute to said damage, then your verdict must be for the plaintiff."

It will be observed that this instruction authorizes a verdict for plaintiff upon the finding "that there was a negligent delay in the carriage of the potatoes," without regard to whether the loss was due to the delay occurring on defendant's line. While plaintiff was entitled to the benefit of the presumption aforesaid in making out its case against defendant as the delivering carrier, nevertheless, in order to cast liability upon defendant, it was necessary that the jury find, as a fact, that

the loss occurred through the fault or breach of duty of defendant while the goods were in its possession. The goods passed through the hands of three carriers, and an unreasonable delay occurred before defendant received them. It was for the jury to say what inferences should be drawn from the evidence as a whole touching this matter; but, under the circumstances, they should not have been told that they might find a verdict against the defendant upon finding merely a negligent delay in the shipment of the goods, resulting in damage thereto.

And we may add that we think that the instruction should require a finding of failure to transport and deliver the goods *within a reasonable time,* this being the gist of the action; but whether for this the instruction should be held to be prejudicially erroneous, under the circumstances, we need not decide.

It follows that for the error in giving this instruction the judgment must be reversed and the cause remanded.

*Becker* and *Daues, JJ.,* concur.