## OLIVE STREET BANK OF ST. LOUIS, Respondent, v. G. M. PHILLIPS, Appellant.

**St. Louis Court of Appeals, December 31, 1913.**

1. **BILLS AND NOTES: Pleading: Variance: Failure of Proof.** The petition counted on a note bearing interest from date at eight per cent per annum until paid. The note introduced in evidence was of the same date and for the same amount as described in the petition, but provided for interest at eight per cent from date until maturity and at eight per cent from maturity until paid, payable monthly, and that if interest was not paid when due, it should become principal and bear the same interest. *Held*, that the note introduced in evidence was not so utterly inconsistent with the note alleged as to disprove the cause of action alleged or amount to a total failure of proof, within Sec. 2021, R. S. 1909.

2. **PLEADING: Variance: Mode of Objecting.** The party complaining of a variance between the pleading and the proof must not only interpose a timely and specific objection to the introduction of the evidence offered, but must file an affidavit of surprise, as required by Sec. 1846, R. S. 1909, and if he fails to do so, it is too late to complain in the appellate court.

3. **BILLS AND NOTES: Alteration: Sufficiency of Evidence.** In an action on a promissory note, evidence for plaintiff to overcome defendant's proof as to alteration of the note *held* to be substantial and sufficient to make the alleged alteration after delivery a question for the trial court sitting as a jury.

4. **APPELLATE PRACTICE: Conclusiveness of Trial Court's Finding.** In an action at law tried by the court, where no instructions are given or refused, the finding will not be disturbed, on appeal, if it can be sustained on any theory supported by the evidence.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*Fauntleroy, Cullen & Hay* and *Barclay & Orthwein* for appellant.

The note offered in evidence is entirely different from the note declared upon in the following particulars: (1) It is payable at Olive Street Bank; (2) The interest is payable monthly; (3) The note is a compound interest note. And under all the authorities, such a note does not support a petition drawn on a simple interest note with interest payable annually— and the principal note made payable at a stated place. Faulkner v. Faulkner, 73 Mo. 335; Construction Co. v. Iron Works, 154 Mo. 153; Gray v. Race, 51 Mo. App. 553; Cole v. Armour, 154 Mo. 333; Mfg. Co. v. School District, 54 Mo. App. 371.

*Wilfley, Wilfley, McIntyre & Nardin* for respondent.

(1) There is nothing before this court for review. A jury having been waived, no instructions having been asked or given, this court will not disturb the finding of facts made by the trial court, and this court will presume the proper application of the law to the facts by the trial court. Rice, Stix & Co. v. McClure & Harper, 74 Mo. App. 383; Mauch v. Hornback, 109 Mo. App. 624; Gibson v. Bailey Co., 114 Mo. App. 357; Bank v. Fiske, 135 Mo. App. 8. (2) There was no variance between the pleading and the proof under the law of this State. Secs. 1846 and 1847, R. S. 1909; Batson v. Clark, 37 Mo. 31; Bank v. Miller, 79 Mo. 275; Barrows v. Million, 43 Mo. App. 79; Harison v. Lakenan, 189 Mo. 581; Chouquette v. Railroad, 152 Mo. 257; Fisher & Co. R. E. v. Realty Co., 159 Mo. 562.

(3) The finding of the court, that there was no altera-
tion in the note sued on, is celarly supported by the
law of this State, as it now stands, even if it were be-
fore this court for review, which it is not, under au-
thorities cited under point I. Secs. 10094, 10095, R. S.
1909.

ALLEN, J.—This is a suit upon a promissory note
given plaintiff bank by defendant for money loaned
him and placed to his credit at the bank. The instru-
ment as offered in evidence was in the following form:

"$1000.                    "St. Louis, Mo., Feb. 14, 1908.
"Six months *monthly* after date I promise to pay
to the order of Olive Street Bank ..................
.............................. at the office of the

OLIVE STREET BANK

of St. Louis,

One Thousand ...................... DOLLARS,
For value received, with interest at the rate of 8 per
cent per annum from date until maturity, and at *eight*
per cent from maturity until paid; payable *monthly,*
annually. If the interest is not paid when due, it shall
become as principal and bear the same rate of interest.

"G. M. PHILLIPS,
"Commercial Bldg."

. The petition charged "that defendant, on the 14th
day of February, 1908, by his negotiable promissory
note of that date, by him duly executed and delivered,
promised for value received to pay to plaintiff, six
months from said 14th day of February, 1908, afore-
said, the sum of one thousand dollars, with interest at
the rate of 8 per cent per annum until paid, from and
after the date thereof."

The answer, which it is said was verified by affi-
davit, denied the execution of the note "described in
plaintiff's petition, or any promissory note, in the

terms, or to the effect, as is described in the petition of said plaintiff, in this action;" and further contained a general denial.

A reply was field, averring that whatever changes, if any, were made in the note sued on, were made with the knowledge and consent of defendant; and that if any alterations were made therein after the execution thereof by defendant, the same were fully ratified and approved by him.

The defense interposed pertains to alterations claimed to have been made in the note, after delivery, and without the knowledge and consent of the defendant; it being contended that such alterations were material and vitiated the instrument. It is asserted by defendant that the words "monthly" and "eight," which we have underscored in the note as set out above, were inserted in such places therein, and the word "annually" stricken out in the interest clause thereof, after delivery, and without defendant's knowledge and consent.

I. The first point raised, however, and for which it is said the judgment should be reversed, is that the note offered in evidence is an entirely different note from that declared upon in the petition; and that as to the cause of action contained in the petition, there was a total failure of proof. This assignment of error is predicated upon the fact that the petition declares upon a note bearing "interest at the rate of 8 per cent per annum until paid, from and after the date thereof;" whereas, the note offered in evidence provides "for interest at the rate of eight per cent per annum from date until maturity, at eight per cent from maturity until paid; payable monthly," and provides that "if the interest is not paid when due it shall become as principal and bear the same rate of interest."

But we are not persuaded that there was a total failure of proof of the cause of action alleged, i. e., a

total failure to prove the execution of the note declared upon in the petition. It is not a case where "the allegation of a cause of action . . . is unproved, not in some particular or particulars only, but in its entire scope and meaning," within the purview of section 2021, Revised Statutes 1909. The petition described a note of defendant such as was offered in evidence, so far as concerns the date; the amount thereof and the time when payable, alleging that the note bore interest at the rate of 8 per cent per annum from its date until paid. Considering that the note is otherwise fully identified in the petition, the allegation that the note bore interest at the rate of eight per cent per annum, from date until paid, cannot be said to make the note declared upon so utterly inconsistent with the note offered in evidence that the latter should be held to disprove the cause of action alleged, or amount to a total failure of proof thereof.

At most, the matter here complained of can only be said to be a variance between the *allegata* and the *probata*. And it is well settled that where a variance is claimed, the party complaining thereof must not only interpose timely and specific objection to the introduction of the evidence offered, but that the objecting party must proceed in the manner provided by section 1846, Revised Statutes 1909, otherwise he will not be heard to complain on this score. This section provides for the filing of an affidavit of surprise; and if a party fails to avail himself of this section it is too late to complain in the appellate court. [See Fisher Co., etc. v. Realty Company, 159 Mo. 562, 62 S. W. 443; Rundelman v. Boiler Works Co., 178 Mo. App. 642, and authorities there cited.] The appellant here filed no such affidavit and is now in no position to ask for a reversal of the judgment below upon the ground of a variance between the pleadings and proof, should any exist.

II.   It is earnestly insisted by appellant that it was conclusively shown that the note was altered after it left the maker's hands, without the latter's knowledge and consent, by inserting the word "monthly," which appeared in pencil after the words "six months," the word "eight" in the interest clause of the note, and also by striking out the word "annually" in the interest clause thereof and inserting the word "monthly" in its stead.   And it is said that the evidence adduced on behalf of plaintiff to overcome defendant's proof on this score was so slight as to be but "a mere scintilla of evidence," and such as could not be termed substantial evidence at all.   We are unable to accede to this however.   It is true that there was sufficient evidence on behalf of defendant tending to prove that the note was altered in the manner aforesaid, after its execution, and without defendant's knowledge and consent.   It appears that, with the exception of the name of the payee, all of the written portions of the note, i. e., such as were written in the blank spaces of the printed form, as defendant claims the note was originally drawn, were in defendant's own handwriting. The tetimony was conflicting with respect to the alleged insertions.   It is unnecessary, however, for us to review in detail the evidence respecting the issues pertaining to the alleged alteration of the note.   Though there was substantial evidence on this score for the defense, there was likewise substantial evidence *contra* in behalf of plaintiff.   One witness, Dr. Pickney French, president of plaintiff bank, testified that when he first saw the note, on the day when it was executed, and before delivery, it was just as it appeared in evidence, excepting a marginal number thereon, the words "Commercial Bldg." appearing under the maker's name, and that the word "monthly," in pencil, after the words "six months," did not appear upon the note at that time.   And another witness, Dr. Ament, testified that he took the note from Dr. French's private office

to the defendant, who signed it in the presence of this witness; that, at the time of the execution thereof, defendant stated that he desired to pay the note in monthly installments, as it would be more convenient, and that defendant thereupon "marked it payable monthly." This alone was substantial evidence sufficient to make the question of the alleged alteration of the note, after delivery, one to be determined by the lower court sitting as a jury.

As the cause was tried below before the court without a jury, a jury having been waived, and no declarations of law were asked by either party and none given, if there is any substantial evidence upon which to base the judgment below, and if the latter can be held to be correct upon any theory whatsoever, it is our duty to sustain it. It was for the court, thus sitting as a jury, to determine the controverted question of fact presented to it; and we must presume that the court made a proper application of the law to the facts. The court evidently found against defendant upon his claim that the note had been altered after it left his hands. At any rate there was substantial evidence to justify such finding, and hence in this state of the record the judgment is conclusive upon us.

In this view, it is unnecessary to discuss the question whether the changes alleged to have been made in the note were material alterations, under the provisions of the Negotiable Instruments Law, which was in effect at the time the note was executed.

For the reasons given above the judgment of the circuit court should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.