## J. W. FORD, Respondent, v. STEVENS MOTOR CAR COMPANY, Appellant.

**St. Louis Court of Appeals.    Opinion Filed April 6, 1920.** ✓

1. **SALES: Contracts: Successor Sales Agent: Acceptance and Carrying out Contract Assumes Obligations.** A successor automobile sales company, as sales agent, by delivering an automobile sold according to the contract of sale, and accepting the purchaser's note for the deferred payments, payable to it, thereby assumed all the obligations of the written order imposed upon its predecessor.

2. **INSURANCE: Oral Contracts: Automobiles: Contract to Provide Liability Insurance on Car: Evidence: Prima-Facie Case.** In an action based on an oral contract of insurance, where seller furnished and delivered to the purchaser an automobile for the temporary use of himself and family pending a delivery of the automobile purchased, and agreed that the purchaser would be protected by liability insurance on the automobile while purchaser was using the same, evidence *held* prima facie to establish the oral contract of insurance, and while the insurance contract was made after the formal order for the new car was signed, it was made before the deal was finally consummated by delivery of the cars one to the other, and the insurance feature was a part and parcel of the original contract between the parties.

Ford v. Stevens Motor Car Co.

3. ———: ———: ———: ———: **Written Contract Not Contra-
dicted by Parol Contract to Insure Car.** While an order for an
automobile was in writing and a limitation placed therein to the
effect that it contained the entire agreement, that did not pre-
clude the parties from making an oral agreement to exchange
insurance whereby the purchaser left liability insurance on an
automobile transferred to the seller in part payment in consider-
ation of the seller agreeing to keep the purchaser protected by
liability insurance while using an automobile temporaily furnished
him pending the delivery of the automobile purchased, such parole
agreement not varying or contradicting the written terms of the
order, but consisted of new mutual obligations between the parties
based upon the mutual promises of each as a consideration.

4. **APPELLATE PRACTICE: Variance: No Affidavit of Surprise Fil-
ed or Objection Made: Not Heard on Appeal.** A complaint of a vari-
ance between the allegations of a petition and the proof will not
be heard in the appellate court where no objections were made to
testimony offered in support thereof on the theory of assumption
of the contract, etc., and no affidavit of surprise filed.

5. **INSURANCE: Oral Contracts: Automobiles: Contract to Provide
Liability Insurance on Car: Evidence: Sufficiency.** Evidence *held*
to show that a successor automobiles sales company, as sales agent,
assumed the obligations of the original contract entered into be-
tween the purchaser of an automobile and its predecessor including
the original contract of insurance made by its predecessor to keep
the purchaser protected by liability insurance while using an auto-
mobile temporarily furnished him pending the delivery of the car
purchased.

6. ———: ———: ———: ———: **Contract Valid: Not Against Pub-
lic Policy.** A contract by the seller of an automobile to keep the
purchaser protected by liability insurance while using an automo-
bile temporarily furnished him pending the delivery of the car pur-
chased, *held* not illegal and void as against public policy.

7. **PRINCIPAL AND AGENT: Instructions: Authority of Agent: Prin-
cipal Having Adopted Acts of Agent Instruction Properly Refused.**
The refusal to instruct on the question as to the authority of an
agent to bind his principal was not error where there was no ques-
tion as to such authority, in view of the principal having adopted
and confirmed the acts of the agent.

8. **INSTRUCTIONS: Assuming Amount of Loss: Not Error When
Uncontested Fact.** In an action based on an oral contract of in-
surance to keep purchaser protected by liability insurance while
using an automobile temporarily furnished him pending the de-
livery of the car purchased, where the amount of the plaintiff's
loss was not a contested fact in the case, and no objection was

Ford v. Stevens Motor Car Co.

made as to any of the testimony pertaining to the loss nor any instruction asked on the subject, the giving of an instruction assuming such loss to be the amount recovered against plaintiff in an action against him, *held* not reversible error.

9. **INSURANCE: Automobile Liabiliity Insurance on Car Temporariiy Furnished: Loss by Accident: Denial of Liability: Notice of Suit Unnecessary.** Where the purchaser of an automobile notified the automobiles sales company which had agreed to keep purchaser protected by liability insurance, etc., of a personal injury action against him, and where an officer of such company who was also an officer and acted in the management of the sales company which had assumed the former sales company's obligations, denied liability, purchaser could recover from the latter company without having given it notice of such personal injury action.

10. ———: ———: ———: **Lack of Notice Special Defense: Pleading.** In an action on an oral contract to keep purchaser of an automobile protected by liability insurance while using an automobile temporrarily furnished him pending the delivery of the car ordered, lack of notice of a personal injury action against such purchaser, if the contract provided for such notice, was a special defense which should have been pleaded.

11. **TRIAL PRACTICE: Instructions: Repeating Instruction Directing Verdict Against Defaulting Defendant Disapproved: Not Reverisible Error** In an action on an oral contract of insurance, etc., made with one of the defendants and assumed by the other defendant, the court, after having directed a verdict against the first defendant because of failure to answer, and then of its own motion repeated the direction and told the jury that they should find against the first defendant as it had not answered in the case, thereby confessing the allegations of the petition, while it was sufficient to give the instruction once and not emphasize the fact by a second instruction, such action of the court *held* not reversiblo error.

12. ———: **Petition in Three Counts: Same Cause of Action: Demurrers Sustained to Two Counts: Verdicts: General Verdict Sufficient.** Where a petition contained three counts and the counts did not involve separate and distinct causes of action, but stated the claim growing out of the same contract on different theories, and tho court sustained demurrers to two of those counts, and the case was put to the jury on the first count only, *held* a general verdict was sufficient and would be a bar to any suit on the other counts.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.   .

*Leonard & Sibley, R. H. McRoberts* and *Shepard Barclay* for appellant.

(1) The circuit court erred in not instructing for a verdict for this defendant appellant, because plaintiff's own proof is that appellant is not a party to the original contract. The petition avers that appellant was a party thereto, but there is a failure of proof thereof. Koons v. Car Co., 203 Mo. 227; Henry Co. v. Bank, 208 Mo. 209. (2) There was a failure of proof of the allegation that the so-called insurance liability contract was "in consideration of his giving to the defendants the order" for the purchase of the car, whereas the proof of plaintiff is that the sale was closed, and the talk of the salesman Barr (about exchange of insurance) was some time "after the deal was made." Davis v. Drew, 132 Mo. App. 503. (3) The petition does not aver any assumption by appellant of a contract made by the Priesmeyer Co.; yet that is the theory submitted for recovery by the plaintiff's first instruction, under allegations that both defendants made the contract. That instruction was error because the contract alleged is not supported by the proof; and the failure of proof should have resulted in a peremptory instruction for appellant. Laclede Co. v. Iron Works, 169 Mo. 137; Eyerman v. Cemetery Assn., 61 Mo. 489; Green v. Cole, 127 Mo. 587; Henning v. Ins. Co., 47 Mo. 425; Lanitz v. King, 93 Mo. 513. (4) The first instruction for plaintiff is erroneous because it assumes Barr had power as agent to bind the appellant when he was then agent for another company, and his agency to make the "liability" agreement was disputed, and in issue and on the facts Barr had no power to make the alleged insurance contract, after the contract of sale was complete. Butler v. Dorman, 68 Mo. 298; Mechem, Agency (2 Ed.), sec. 902. But it was also error so to assume a fact in issue. (5) The refusal of appellant's first requested instruction was error. Barr's agency and power to make the contract in suit were at issue, and unless the jury found that he was authorized to make it, the appellant would not

be bound by his statement to plaintiff about insurance on the car. Agency of Barr was a fact to be proven by plaintiff. Brauckman v. Leighton, 60 Mo. App. 38; Stewart v. Wood, 63 Mo. 252; Atlee v. Fink, 75 Mo. 100. (6) The appellant's second request for instruction should have been given, as appellant would not be liable for a mere expression of opinion by a salesman as to the effect of documentary contracts in the circumstances shown here. (7) The plaintiff's first instruction is erroneous in authorizing a recovery for the amount of the Carradine judgment to which appellant was no party, and without finding of notice to it of that suit. (8) The court erred in repeating the comment on the default of appearance of the Priesmeyer Co. and statement that it "confessed" the plaintiffs' case. Reeves v. Lutz, 191 Mo. App. 550; Railway v. Harriett, 80 Tex. 73. (9) The court erred in refusing and amending appellant's instruction as to appellant "assuming obligations" of the Priesmeyer Co. (10) The supposed agreement sued on is too vague and uncertain to be enforced as a contract. Verbal agreements in regard to insurance must be sufficiently specific to show the risk, the subject matter, the time and the parties; this was not. Trask v. Ins. Co., 58 Mo. App. 431; Whitman v. Ins. Co., 128 Wis. 124; Benner v. Ins. Co., 229 Pa. 82; Mooney v. Merriam, 77 Kans. 305. (11) The "indemnity" contract sued on was illegal in 1912 and not authorized by the law of Missouri, as between bailor and bailee. Insurance "on" Mo. Laws 1911, p. 273, sec. 6996; Sec. 8523, R. S. 1909 (Acts 1911, p. 330) (12) That a bailee cannot by contract lawfully become exempt from liability for his own negligence is a sound principle often recognized. Bank v. Smith, 62 Pa. 47; Blanton v. Dold, 109 Mo. 64. (13) The so-called "liability" contract is void as against public policy, as between these parties, because plaintiff was bailee of the car and his contract to recover for his own negligence in the care of the bailed article is illegal and void. Am. Auto Ins. Co. v. Commissioner, 174 Mich. 295; Am. Co. v. Bleakley,

157 Iowa, 445; Greenhold, Public Policy, p. 306; Mo. Laws, 1911, p. 330, sec. 12, subd. 9. (14) The verdict and judgment do not dispose of all the causes of action sued upon, and are not responsive to the issues of the pleadings. The motion in arrest should have been sustained. Bricker v. Railway, 83 Mo. 391; Maloy v. Railway, 178 S. W. 224; Gawk v. Millovich, 203 S. W. 1006; Thresher Co. v. Speak, 167 Mo. App. 470; State v. Modlin, 175 Mo. 684.

*Fauntleroy, Cullen & Hay* for respondent.

(1) An oral contract, whereby one agrees to insure property owned or used by another, or to procure insurance upon it, is valid and binding, and if the promissor fails to effect the insurance, he is liable for the resulting damages. Dawson v. Waldheim, 80 Mo. App. 53-54; General Cartage & Storage Co. v. Cox, 78 N. E. 371; Tower v. Grocers' Supply and Storage Co., 28 Alt. 229; Broussard v. South Texas Rice Co., 131 S. W. 412; Brick Co. v. Hogsett & Woodward, 73 Mo. App. 432; Lindsay v. Pettigrew, 59 N. W. 726; Campbell v. American Fire Insurance Co., 40 N. W. 661; Russell v. O'Connor, 139 N. W. 148; Rezac v. Zima, 153 Pac. 500, 47 Ins. L. J. 269; Evan Reed v. Wurts, 187 Ill. App. 383; Struzwski v. Ins. Co., 166 N. Y. Supp. 363; National Co. v. Cramer, 114 N. E. 427; King v. Phoenix Ins. Co., 101 Mo. App. 163, s. c., 195 Mo. 290. (2) Where one party substitutes himself as a party to an oral or written contract, and agrees to assume it and carry out its terms and conditions, his liability relates back to the date of the contract, and he is bound the same as an original party. Mitrovich v. Fresno Fruit-Packing Co., 55 Pac. 1064; Bach, Cory & Co. v. Boston & M. Consol. Copper & S. Min. Co., 41 Pac. 75; York Mfg. Co. v. Bonnell, 57 N. E. 590; Wiggins Ferry Co. v. Railroad Co., 73 Mo. 403; Winn v. Lippincott Invest. Co., 125 Mo. 528, 28 S. W. 998; Caston v. Stafford, 92 Mo. App. 182; Atlantic, etc., R. R. Co. v. Atlantic, etc., Co., 147 N. C. 368, 61 S. E. 185, 125 Am.

State Rep. 563, 564; Cutting Packing Co. v. Packers'
Exchange, 86 Cal. 574, 21 Am. St. Rep. 63, 25 Pac. 52,
10 L. R. A. 369; Beckwith v. Seldon, 108 Cal. 742, 39 Am.
& Eng. Ann. Cas. 965.    (3) Where one becomes a party
to a contract as a substitute for another party originally
bound, there is no variance, even though the petition
charges the contract was originally made by the one who
became substituted as a party, and error cannot be al-
leged when the testimony is not objected to, and no affi-
davit of surprise filed.    Bank v. Phillips, 179 Mo. App.
492; Turner v. Butler, 126 Mo. 138.    (4) The contract
in this case was entire and not separable, and the defend-
ant became bound by all its obligations.    Wooton v. Wal-
ters, 110 N. C. 251, 254, 14 S. E. 734, 736; Potter v. Pot-
ter, 43 Ore. 49, 72 Pac. 702; In re Hellams, 223 Fed. 460,
461.    (5) The issue of illegality not having been present-
ed by the pleadings is not involved, and cannot be con-
sidered in this appeal.    Carter v. Insurance Co., 275 Mo.
93; Bell v. Warehouse Co., 205 Mo. 493.    (6) An agree-
ment to insure one against the consequences of his own
negligence is not void.    Phoenix Ins. Co. v. Erie, etc.,
Transp. Co., 117 U. S. 312, 29 L. Ed. 873; Waters v.
Merchants Louisville Ins. Co., 11 Pet. (U. S.) 213, 9 L.
Ed. 691; Copeland v. New England Mar. Ins. Co., 2
Metc. (Mass.) 432; Walker v. Maitland, 5 B. & Ald. 171,
7 E. C. L. 101; Wager v. Providence Ins. Co., 150 U. S.
99, 14 S. Ct. 55, 37 L. Ed. 1013; Jackson Co. v. Boylston
Mut. Ins. Co., 139 Mass. 508, 2 N. E. 103, 52 Am. R. 728;
Roos v. Philadelphia, etc., R. Co., 199 Pa. 378, 49 A. 344.
(7) Where there are several counts in a petition, and
the plaintiff elects to proceed on one, and the jury finds
a verdict on one, or the cause of action stated in the
several counts is the same, error cannot be alleged, be-
cause there is not a separate verdict on each count.    Ran-
ney v. Bader, 48 Mo. 539; Hoyle v. Farquharson, 80 Mo.
377; Downing v. M., K. & T., 70 App. 567; Brady v.
Connelly, 52 Mo. 19.

BIGGS, C.—This action based on an oral contract of insurance resulted in a judgment below against defendant Priesmeyer-Stevens Automobile Company (herein called the Priesmeyer Company), and defendant Stevens Motor Car Company (herein called Stevens Company), for $4276.75, the same being rendered against the Priesmeyer Company by default and against the Stevens Company after a contest before a jury. The cause is brought here for review by the latter company, after the customary steps were taken for that purpose.

The Stevens Company was originally known as Waverly Sales Company and then as Stevens Waverly Automobile Company, there being but the one corporation having from time to time the different names. Frank E. Stevens was an officer of and active in the management of both the Priesmeyer and Stevens companies.

The petition is in three counts, but demurrers were sustained at the trial to the second and third counts, and the present judgment is based on the first count of the petition, which, after formal averments as to the incorporation of the defendants, alleges that in September, 1912, both defendants agreed to exchange, sell and deliver to plaintiff a Waverly electric motor vehicle Model No. 100 for the consideration of $1000 and $1240 evidenced by a note, payable ninety days from the date of delivery, and in consideration for the sale of said Waverly car, the defendants agreed to accept and did accept as part payment thereof a Stearns motor car belonging to the plaintiff at an agreed valuation of $1060, which the defendants agreed to sell and account to the plaintiff for one-half of any sum they might be able to obtain over and above $1060; that at the time the defendants were unable to then deliver the Waverly electric car, but agreed that it should be delivered within a period of three months thereafter.

It is further averred that in consideration of the plaintiff giving said order and delivering to defendants said Stearns car, the defendants agreed to furnish for the use of himself and wife an electric motor car until

the Waverly electric should be delivered to plaintiff, and that plaintiff and his wife and family should in the meantime have the possession of said electric car and the right to use the same free of charge until the Waverly electric should be delivered; that in pursuance of said agreement plaintiff delivered to defendants said Stearns car and defendants delivered to plaintiff for the use of himself and family said electric car, and that said cars were delivered at or about the time the said order was given for the new car.

Plaintiff then avers that he carried a policy of insurance upon the Stearns car, which he turned over to defendants, in the sum of $5000, which protected himself and family and whomsoever might operate said car against liability for damages which third persons might sustain by being struck by said car while it was being operated, and that at defendants' request in consideration of the defendants furnishing him a car insured as hereinafter alleged, he allowed the defendants to have the full use, benefit and protection of said policy, *and in consideration thereof and in consideration of his giving to defendants the order aforesaid,* defendants agreed with the plaintiff that the car which it delivered to the plaintiff for the use of himself and family was fully covered by a policy of insurance issued or to be issued by a good and solvent insurance company, which would protect the plaintiff or his wife, or any of his agents or servants against liability for damages, not exceeding $5000, to third persons, sustained by being struck by said car while being operated by said plaintiff or his family or their agents and that said defendants contracted and agreed that they would keep said insurance in full force and effect as long as plaintiff or his family used said car and until the new Waverly electric model No. 100 should be delivered to plaintiff, and that plaintiff relying upon said contract and agreement, accepted and took possession of said car and undertook to operate it, supposing it was fully insured and did not have the same insured because of the agreement aforesaid of the

defendants to have and to keep the same insured for his use and benefit.

It is further averred that thereafter on the 11th day of October, 1912, while plaintiff's wife was operating said car, one Josephine Carradine was struck and injured by said car by reason of the carelessness and negligence of the plaintiff's wife, and on account of the fact that Josephine Carradine established that plaintiff's wife was his agent at the time both plaintiff's wife and himself became liable for the injuries suffered by her on account of being struck by said car; that said Josephine Carradine afterwards brought suit on account of said injuries and recovered judgment in the sum of $3500, which judgment was rendered on the 23rd day of January, 1914, and which was duly affirmed on appeal; that said judgment and interest at the time it was paid amounted to the sum of $4081.58, and that the costs of the suit amounted to $120.50.

Plaintiff then avers that at the time said accident happened and at the time said suit was brought the plaintiff caused due notice to be given to said defendants and notified and requested said defendants to appear and defend said action, but that they failed to do so or to pay the amounts aforesaid for which plaintiff was held liable.

It is then averred that the said automobile delivered to plaintiff was not insured and that the defendants in violation of their agreement failed and neglected to insure it or cause it to be insured, and that if said car had been covered by insurance, as the defendants agreed and contracted, said insurance company would indemnify and pay plaintiff all the loss and damage he suffered as herein stated.

The answer was a general denial.

Errors are specified in the refusal of the court to peremptorily instruct the jury to find for defendant, in the giving of certain instructions at plaintiff's request and of the court's own motion, in refusing certain other instructions asked by defendant, and in receiving the

verdict without any finding as to the said second and third counts of the petition.

The Stevens Company asserts that (1) there was a failure of proof as to the oral contract of insurance; (2) that if established against the Priesmeyer Company there was a failure to establish on the part of the Stevens Company the assumption of the obligations of said contract; (3) that such a contract if proven is illegal and void, in that it attempts to exempt the plaintiff from liability for his own negligence, and for these reasons it is asserted there was no case for the jury.

On September 21, 1912, the Priesmeyer Company was the selling agent at St. Louis of the Waverly electric car which was manufactured at Indianapolis, Indiana. On that day plaintiff gave to the Priesmeyer Company a written order for a new Waverly electric car, which order, after describing the car specified the terms of payment as set out in the petition. The order contained the further provision that no verbal or other agreement or promise not clearly specified in this order, will be recognized. At the time, the order was signed by plaintiff and the Priesmeyer Company. Sometime later (plaintiff does not remember when but defendant says in January, 1913), the contract was also signed by the Waverly Sales Company (the defendant) by its President, Frank E. Stevens. The Waverly Sales Company was organized in December, 1912, and succeeded the Priesmeyer Company as sales agent for the Waverly car, and the Waverly Sales Company thereafter delivered the new Waverly car to plaintiff and accepted plaintiff's note for the deferred payment of $1240, payable to it. These acts of defendant without doubt caused it to assume all the obligations of the written order imposed upon the Priesmeyer Company.

Plaintiff's testimony, as well as that of witness Barr, salesman for the Priesmeyer Company and who negotiated the contract with plaintiff, tended to establish the oral contract of exchange of insurance as alleged in the petition. As to the time of the contract, plaintiff

says it was either on the day the written order was signed or the day after. Barr places it as after the time the order was signed. However, plaintiff says it was before the trade was finally consummated and before he delivered his Stearns car to the Priesmeyer Company and before the electric car was delivered to him for the use of himself and family pending the arrival of the new Waverly car.

Plaintiff testifies that after he and Barr had orally agreed about the exchange of insurance on the two cars, they went to the office of the Priesmeyer Company to have the contract confirmed by Stevens; that Barr told Stevens that he had agreed that I would be protected on liability insurance on the electric car, if I would leave the insurance on my car to protect them, and Stevens said: "That is all right; we want you to do that," and I said: "I have agreed to do that, if you will agree that I am protected on the gasoline car."

Plaintiff further testifies that the agreement was that he would protect the Priesmeyer Company up to $5000 on the Stearns car, and the Priesmeyer Company would likewise protect plaintiff on the electric car.

We think the evidence was sufficiently definite and sufficient in amount to prima facie establish the oral contract of insurance. While the insurance contract was made after the formal order for the new car was signed, there was evidence that it was made before the deal was finally consummated by the delivery of the cars one to the other, and we think the insurance feature was a part and parcel of the original contract between the parties.

While the insurance contract rested in parol, it did not vary or contradict the written terms of the order, but consisted of new mutual obligations between the parties, based on the mutual promises of each as a consideration. The parties had the right and power by parol to add to the written contract, and this regardless of the limitation placed in the written order to the effect that it contained the entire agreement, as long as the

subsequent agreement was based on a sufficient consideration. [Polk v. Insurance Company, 114 Mo. App. l. c. 518, 90 S. W. 397.]

As to the assumption of the insurance contract by the defendant Stevens Motor Car Company, while it is true as contended by counsel for that company, that the petition is not based on the theory of the assumption of the obligations of a prior contract but the allegation is made that the present defendant originally made the contract, this was at most only a variance between the allegations of the petition and the proof. No objections were made to testimony offered by plaintiff on the theory that the defendant had assumed the contract of the Priesmeyer Company. If the defendant claimed that there was a variance, it should have proceeded as the law directs and filed an affidavit of surprise, otherwise it will not be heard to complain in the appellate court. [Bank v. Phillips, 179 Mo. App. 488, 162 S. W. 721.]

We think the evidence sufficient to show that the present defendant, Stevens Motor Car Company, assumed the obligations of the original contract entered into between plaintiff and the Priesmeyer Company, including the alleged oral contract of insurance as testified to by the plaintiff. It took over all of the benefits of that contract by assuming to deliver the new Waverly car and received payment therefor. Frank E. Stevens was the officer and active in the management of the Priesmeyer Company and is the officer that plaintiff alleges he dealt with in making the contract of insurance. The same Frank E. Stevens was the President of the present defendant and took over the obligation of delivering the new car and accepted all the benefits on behalf of the Stevens Motor Car Company of the contract. If plaintiff's testimony in reference to the oral contract of insurance is true, and the jury adopted it as true, Stevens when he assumed the benefits of the contract to deliver the car, did so on behalf of his new company with full knowledge of the contract of insurance orally entered into with the plaintiff.

Plaintiff testified that at the time Stevens signed the written order on behalf of Waverly Sales Company, now the defendant Stevens Motor Car Company, he stated his company was taking over the Priesmeyer Company and assuming all their liabilities and that he wanted their name to show on the contract. This was not denied by Mr. Stevens.

We think there was sufficient evidence from which the jury could infer that the Stevens Company assumed all the obligations of the Priesmeyer Company toward plaintiff's contract, including the oral contract of insurance, and hence rule this point against defendant.

Defendant asserts that the contract which attempted to protect plaintiff from liability for his own negligence was illegal, void, and against public policy, and that such defense of illegality is open to defendant, although not pleaded, as it appeared from plaintiff's evidence. Granting that the point can be thus raised, we see nothing illegal in such a contract. Such so-called liability policies on automobiles in general, protect the owner or his agent or servant operating the same, from liability for his own negligence, and unless he or his said agent or servant is found to be negligent there is no liability. That is the very purpose of such policies, and we see no reason why two individuals could not enter into such an indemnity contract. The point is ruled against defendant.

As to the instructions. Defendant complains that the main instruction given for plaintiff and which covers the whole case, assumes that Barr, the salesman, had authority as agent of defendant to bind it to the oral contract of insurance. While Barr first negotiated the contract with Ford and signed the order on behalf of the Priesmeyer Company for the sale of the Waverly car, it appears from plaintiff's evidence that after he and Barr had agreed on the exchange of liability insurance for the two cars, they both went to Stevens, who confirmed the acts of Barr in making the contract with plaintiff. There was no question as to Stevens' authority,

as he was an officer and active in the business of the Priesmeyer Company. This caused the contract to be made direct with the Priesmeyer Company and not through its agent Barr, and this dropped the question of Barr's authority as agent out of the case. The instruction does not assume Barr's authority, or in fact say anything about Barr, but requires the jury to find that the contract of insurance was made with the Pries-meyer Company and afterwards assumed by the Stevens Company. According to the testimony of plaintiff, which is corroborated by Barr, Stevens confirmed and adopted Barr's act in making the agreement in reference to the insurance.

There was no error in the instruction in this regard, and it follows that the Court did not err in refusing defendant's instruction on the same question of Barr's authority as agent to bind the defendant, as that question was out of the case after Stevens was informed of the contract and adopted and confirmed Barr's acts.

Complaint is also made against plaintiff's main instruction, in that it authorizes a recovery for plaintiff for the amount recovered by Miss Carradine in her suit againd Ford, to which suit defendant was not a party and without a finding of notice to defendant of that suit. There was no contest made at the trial as to the amount of plaintiff's loss. It was established by plaintiff's testimony as well as by the record in the Carradine case. The Priesmeyer Company was a party to that suit. The amount of plaintiff's loss was not a contested fact in the case, and it could not be said that assuming such loss under the facts constituted reversible error.

Besides this, no objection was made by defendant as to any of the testimony pertaining to the loss, nor was any instruction asked by defendant on the subject

As to notice, the instruction did not require the jury to find that plaintiff had given notice to defendant of the loss or of the Carradine suit. Such a notice was unnecessary for the following reasons: (1) The Priesmeyer Company was a party to the Carradine suit and had actual notice. (2) There was evidence to the effect

that Ford notified Stevens about the accident and the claim of Miss Carradine. At first Stevens did not deny liability, but afterwards did deny all liability in the matter, and told Ford he could do nothing for him. After that it would have been useless to give further notice. (3) Lack of notice was not pleaded as a defense. If the contract provided for notice, lack of same was a special defense, which should be pleaded. [Duff v. Insurance Company, 139 Mo. 460, 30 S. W. 1034.]

Defendant assigns as error the failure to give its requested instruction to the effect that it would not be liable for a mere expression of opinion by salesman Barr as to the effect of the insurance carried by the Priesmeyer Company. Such was not error, for as heretofore stated the negotiations between Barr and Ford in reference to the insurance were merged in the contract made direct with Stevens.

An instruction was given for plaintiff which directed a verdict against the Priesmeyer Company as they had failed to answer. The court of its own motion repeated the direction and told the jury that they should find against the Priesmeyer Company as it had not answered in the case, thereby confessing the allegations of the petition. Error is assigned on this account. This should not have been done, as it was sufficient to give the instruction once and not emphasize the fact by a second instruction that the Priesmeyer Company had confessed the allegations of the petition in view of the relation between the two companies. However, we do not deem this reversible error.

Defendant challenges the sufficiency of the verdict for the reason that there is no specific finding as to the second and third counts of the petition. As heretofore stated, the court sustained demurrers to those two counts and the case was put to the jury on the first count only, and the verdict was a general one for the plaintiff. The counts did not involve separate and distinct causes of action, but stated the claim of the plaintiff growing out of the same contract on different theories. Under such circumstances a verdict on one count would be a bar

to any suit on the other counts. There was but one injury or damage.

The cases relied on by defendant are not in point, as for instance the case of Maloy v. Railroad, 178 S. W. 224. There the petition was in two counts declaring on separate causes of action, one for ejecting plaintiff from the train, and the other for false arrest. The verdict did not dispose of both causes of action. There was a finding only on one of the counts.

Finding no reversible error in the record, the Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of Biggs, C., is adopted as the opinion of the Court. The judgment of the circuit court is accordingly affirmed.

*Reynolds, P. J., Allen* and *Becker, JJ.,* concur.